In re REIS RUBBER PRODUCTS CO., Inc.

(District Court, E. D. New York. July 1, 1926.)

Bankruptcy ☞126—Petition to review is appropriate for review of election of trustee.

Appropriate way of reviewing proceedings in election of trustee is by petition for review of order of referee approving appointment.

In Bankruptcy. In the matter of the Reis Rubber Products Company, Inc., bankrupt. On motion of certain creditors for relief in the matter of electing a trustee. Motion denied.

Eugene S. Bibb, of New York City, for the motion.

David W. Kahn, of New York City, for petitioning creditor.

Phillips, Leibell & Fielding and Moses & Singer, all of New York City, for other creditors.

MOSCOWITZ, District Judge. The petitioners seek the following relief: "Allowing certain claims voted improperly for the election of a trustee, etc., and for an order adjudging said claims as improperly voted, and adjudging petitioner as having a majority in number and amount of the claims entitled to vote, and as therefore entitled to elect a trustee herein."

It appears from the report of the referee that upon the vote for trustee the claims voted for Charles H. Kelby were in a majority in amount, and that the claims voted for J. Russell Sprague were a majority in number, whereupon the referee declared that neither Kelby nor Sprague had secured a majority in number or amount of the claims filed and allowed, and that as a consequence no election had resulted. Thereafter the referee ruled that, no election having resulted from the vote of trustee, he would appoint Charles H. Kelby, the receiver, as trustee. The referee further certifies that no petition to review the order of the referee has ever been filed or granted by him.

I do not find that the referee has made any error, or that the claims were improperly allowed. The appropriate way of reviewing the proceedings in the election of a trustee is by a petition for review of the order of the referee approving the appointment of the trustee by the creditors.

The motion is therefore denied. Settle order on notice.